UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAURA M. SHELDON,

                Plaintiff,

                                      Case Number 11-10487

v.                                   Honorable Thomas L. Ludington

THOMAS J. VILSACK, et al.,

                Defendants.

_____ /

## ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION WITHOUT PREJUDICE

On February 7, 2011, Plaintiff Laura Sheldon filed a complaint [Dkt. #1] against Thomas J. Vilsack, Secretary of the United States Department of Agriculture; Dallas Tonsanger, Undersecretary for Rural Development, United States Department of Agriculture; Tammye Treviño, Administrator of the Rural Housing Service, United States Department of Agriculture; the Rural Housing Service of United States Department of Agriculture; JP Morgan Chase Bank, N.A.; and Chase Home Finance, LLC alleging violations of the Administrative Procedure Act ("APA"), violation of due process, breach of fiduciary duty for acts stemming from Defendants' refusal to reamortize or refinance Plaintiff's home mortgage which was approximately $12,207.05 in arrears as of December 21, 2010. Service of process has not yet been made on Defendants.

On February 8, 2011, Plaintiff filed a motion for temporary restraining order and preliminary injunction [Dkt. #5] to enjoin the non-judicial foreclosure sale of her home which she represents is currently scheduled for February 17, 2011. Plaintiff simultaneously filed an ex parte motion for leave to file excess pages because the case involves seven different statutory provisions that were enacted at different times and this is a case of first impression, requiring more than the allotted

twenty pages to adequately address Plaintiff's arguments. [Dkt. #6]. Plaintiff states that her home loan is secured by a mortgage held by Chase Home Finance, which is guaranteed by the Rural House Service ("RHS"). Plaintiff contends that RHS has a mandatory duty to assist guaranteed loan borrowers to avoid foreclosure when a borrow defaults for reasons beyond his or her control. Plaintiff alleges that RHS unlawfully failed to implement the provisions under Section 502(h) of the Housing Act of 1949 and now seeks an injunction to prevent the foreclosure sale of her home pending resolution of whether RHS has a statutory duty to assist her to avoid foreclosure of her home. Given the complicated and numerous issues presented, Plaintiff's ex parte motion for leave to file excess pages will be **GRANTED**. For the reasons stated herein, Plaintiff's motion for temporary restraining order and preliminary injunction will be **DENIED WITHOUT PREJUDICE**.

## I

Plaintiff purchased her home, located at 502 East Hazel Street, Saint Louis, Michigan, on July 11, 2008 with a $47,100 loan from JPMorgan Chase Bank. At the time she secured the mortgage, Plaintiff was employed as a certified nursing assistant but soon thereafter became pregnant with her third child. Plaintiff was subsequently injured at work when a patient kicked her in the stomach and she was prescribed bed rest for the balance of her pregnancy. Plaintiff received worker's compensation until April 2009 when the child was born. From April 2009 through late 2010, Plaintiff was unable to secure full-time employment and only worked periodically. She recently became reemployed as a certified nursing assistant.

Plaintiff represents that she missed her mortgage payment for the first time in May 2009, but was able to remain less than four payments in arrears until November 2009 as a result of financial

assistance from her live-in significant other. In November 2009, Chase granted her a three-month forebearance agreement that lasted until February 2010. Since Plaintiff's first missed mortgage payment in May 2009, she has contacted Chase directly as well as engaged the services of a counseling agency in requesting a loan modification and other assistance. Chase advised Plaintiff that she is ineligible for assistance because her income is too low and her loan is guaranteed by RHS.

Plaintiff and her counseling agency have also contacted RHS. RHS advised Plaintiff that it does not assist guaranteed loan borrowers, and that Plaintiff is not permitted to transfer her loan to another person under her guaranteed loan program. Plaintiff represents that she was notified in January 2011 that Chase has scheduled a foreclosure sale of her home for February 17, 2011 without any other explanation of Chase's foreclosure procedure. Plaintiff then brought the instant action to avoid foreclosure of her home.

## II

"A plaintiff seeking a preliminary injunction must establish (1) that he has a strong likelihood to succeed on the merits; (2) that he is likely to suffer irreparable harm without the injunction; (3) that the injunction would not cause substantial harm to others; and (4) that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council*, 129 S. Ct. 365, 374 (2008); *Livonia Prop. Holdings v. 12840-12976 Farmington Rd. Holdings*, 717 F. Supp. 2d 724, 731 (E.D. Mich. 2010). Plaintiff provides extensive legal support for her contention that she has a strong likelihood of success on the merits.  However, the Court need not engage in the lengthy evaluation of these arguments because Plaintiff has not made an adequate demonstration that she is likely to suffer irreparable harm if Chase is allowed to proceed with a foreclosure sale on her house as scheduled on February 17, 2011.

In establishing the element of irreparable harm, a party seeking an injunction bears a heavy burden and must demonstrate more than an unfounded fear of harm. *Smith v. State Farm Fire and Cas. Co.*, No. 10-cv-12312, 2010 WL 3270116, at *10 (E.D.Mich. Aug. 17, 2010). In evaluating the harm that will occur depending upon whether or not the stay is granted, the court generally looks to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). Injuries in terms of money, time and energy, however substantial, necessarily expended in the absence of a stay, are not enough. *Id.* The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. *Id.* In certain circumstances the threat of being evicted from a residence and the realistic prospect of homelessness constitute a threat of irreparable harm to satisfy this prong of the test for preliminary injunctive relief. *Smith*, 2010 WL 3270116, at *10 (finding a showing of irreparable harm where the plaintiff and her four children had only two weeks to vacate their current rental home and the plaintiff was unable to afford to pay for alternate housing); *see also Sayo, Inc. v. Zions First Nat'l Bank*, No. 06-14963, 2006 WL 3240706 at *2 (E.D. Mich. Nov. 7, 2006) (finding that the plaintiff adequately demonstrated that he would suffer irreparable harm by loss of his piece of real property which was his only remaining asset).

Plaintiff contends that the loss of her home and threat of homelessness are sufficient to justify the grant of a temporary restraining order and preliminary injunction. *See Smith*, 2010 WL 3270116, at *10; *Sayo, Inc.*, 2006 WL 3240706 at *2. Plaintiff claims she cannot be compensated with monetary damages for "either of these enormous losses." [Dkt. #5]. Plaintiff does not provide

-4-

evidence that she would not be able to afford alternate housing and does not explain why monetary compensation would be inadequate should she be required to relocate. Furthermore, as noted in Plaintiff's brief, she retains the right of possession to the property for the statutory redemption period of six months after the foreclosure sale, and during that time she has no obligation to pay rent. Because Plaintiff is permitted to redeem the property after the sale, she has not shown that irreparable harm will occur at the time of the foreclosure sale. *Livonia Prop. Holdings*, 717 F. Supp. 2d at 740-41.

Accordingly, Plaintiff has not adequately demonstrated a likelihood that she would suffer irreparable harm and an ex parte preliminary injunction and temporary restraining order is not justified without a response from the defendants in this action. As a result, Plaintiff's ex parte motion for a preliminary injunction and temporary restraining order will be **DENIED WITHOUT PREJUDICE**.

### III

Accordingly, it is **ORDERED** that Plaintiff's ex parte motion for leave to file excess pages [Dkt. #6] is **GRANTED**.

It is further **ORDERED** that Plaintiff ex parte motion for a prelminary injuction and temporary restraining order [Dkt. #5] is **DENIED WITHOUT PREJUDICE**.


s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 11, 2011

-5-

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 11, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS