UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAURA M. SHELDON,

        Plaintiff,

                              Case Number 11-10487

v.

                              Honorable Thomas L. Ludington

THOMAS J. VILSACK, Secretary of the
Department of Agriculture, et al.,

        Defendants.

_____ /

**OPINION AND ORDER GRANTING JP MORGAN CHASE BANK AND CHASE HOME FINANCE'S MOTION FOR JUDGMENT ON THE PLEADINGS, DISMISSING PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM WITH PREJUDICE, AND DISMISSING DEFENDANTS JP MORGAN CHASE BANK AND CHASE HOME FINANCE WITH PREJUDICE**

On February 27, 2011, Plaintiff Laura Sheldon filed a complaint against Thomas Vilsack, Tammye Trevino, Rural Housing Service ("RHS"), (collectively, the "Federal Defendants"), JP Morgan Chase Bank, and Chase Home Finance (collectively, "Chase"). Plaintiff's complaint contains eight counts: (1) moratorium relief pursuant to Administrative Procedure Act ("APA") Section 505 against the Federal Defendants; (2) refinancing pursuant to APA Sections 501 and 502 against the Federal Defendants; (3) assignment and reamortization pursuant to APA Sections 502(h)(15), 502(h)(17), and 517 against the Federal Defendants; (4) loss mitigation pursuant to APA Section 502(h)(13) against the Federal Defendants; (5) loan modification and partial claims pursuant to APA Section 502(h)(14) against the Federal Defendants; (6) violation of Plaintiff's statutory due process with respect to APA Section 510(g) and the Agriculture Reorganization Act Section 271 against the Federal Defendants; (7) violation of Plaintiff's constitutional right to due process against

the Federal Defendants; and (8) breach of fiduciary duty against JP Morgan Chase Bank and Chase Home Finance. ECF No. 1. The Federal Defendants filed a motion to dismiss on April 11, 2011, which is currently under advisement. ECF No. 29. JP Morgan Chase Bank and Chase Home Finance filed an answer on April 29, 2011. ECF No. 33.

Chase subsequently filed a motion for judgment on the pleadings. ECF No. 45. Chase contends that Plaintiff's complaint should be dismissed because there is no private right of action against Chase under the Doug Bereuter Section 502 Single Family Housing Loan Guarantee Act (the "Guarantee Act"), because Chase does not owe a fiduciary duty to Plaintiff, and because Chase took all mitigation efforts suggested under the Act. Plaintiff responds that the Chase defendants are necessary parties, the claims against Chase are based on breach of fiduciary duty and not on a violation of the Guarantee Act, and that Plaintiff has sufficiently stated a claim for breach of fiduciary duty. ECF No. 48. Chase filed an untimely reply on September 12, 2011. ECF No. 51.

A hearing was held on October 26, 2011 to address Chase's motion. For the reasons provided herein, Chase's motion to dismiss will be granted and Plaintiff's breach of fiduciary duty claim will be dismissed.

## I. Facts

In July 2008, Plaintiff purchased her home with a $47,100 loan secured from a private lender, JP Morgan Chase Bank, N.A, to purchase real property located at 502 East Hazel Street, Saint Louis, Michigan (the "Property"). Verified Compl. ("Compl.") ¶¶ 10, 15, 28. Under its Guaranteed Loan Program, RHS provided the private lender with a loan guarantee of 90% of the principal amount of the loan. *Id.* ¶¶ 10, 18, 28, 30. Plaintiff's loan from JPMorgan Chase Bank, N.A. is serviced by Chase Home Finance, LLC. *Id. ¶ 15.*

Plaintiff realized that she would be unable to make payments on her loan in May 2009 and contacted Chase to discuss mitigation options. *Id.* ¶¶ 36, 38. Plaintiff was advised that she was not eligible for any mitigation options because of insufficient income. *Id.* ¶ 38. In November 2009, Chase provided Plaintiff a three-month forbearance. *Id.* ¶¶ 39, 47. When Plaintiff was unable to make additional payments after the end of the forbearance period, Chase scheduled a foreclosure sale for February 17, 2011. *Id.* ¶ 1.

Plaintiff alleges that in March 2010, she contacted "Ms. Teagen Lefere, a Homeownership Counselor at Listening Ear Crisis Center, for assistance in seeking a loan modification or other loss mitigation alternatives from Chase." *Id.* ¶ 40. She further alleges that from "March 2010 through December 2010, the homeownership counselor, on behalf of Ms. Sheldon, contacted Chase numerous times requesting a loan modification and other assistance." (Comp. ¶ 41.) Plaintiff further states that Chase requested that she submit financial documents to be considered for a loan modification on several occasions, and that Plaintiff and Ms. Lefere supplied documentation relating to Plaintiff's income, bank statements, employment status, etc. (Comp. ¶ 42.) Plaintiff also claims that "Chase has advised Ms. Sheldon that she is not eligible for assistance because her income is too low and because her loan is guaranteed by RHS." (Comp. ¶ 43.)

Plaintiff filed her Verified Complaint on February 7, 2011 to prevent this sale. *Id.* The next day, she also filed an ex parte motion for a temporary restraining order and preliminary injunction. ECF No. 5. The Court denied that motion without prejudice on February 11, 2011. ECF No. 8. Plaintiff appealed the denial to the Sixth Circuit. ECF No. 14. Plaintiff also filed a renewed motion for an expedited temporary restraining order. ECF No. 9. Before, however, the renewed motion or the appeal could be resolved, Plaintiff and Chase came to an agreement to adjourn the foreclosure

sale during the pendency of this case. ECF No. 24. Plaintiff then voluntarily dismissed her appeal and withdrew her renewed motion. ECF Nos. 22, 24.

## II.   Standard of Review

"A Rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss." *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) (citations omitted).  To survive a Rule 12(c) motion for judgment on the pleadings, a complaint must "contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citation omitted). Instead, a plaintiff must plead actual facts demonstrating that a plausible—not merely a possible—basis for relief exists. *Id.*

When a court is presented with a Rule 12(b)(6) or 12(c) motion, "it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  A court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true."  *Id*. (citation and internal quotations omitted). Yet, to survive such a motion, a plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements [of the claim] to sustain a recovery under some viable legal theory."  *First Am. Title Co. v. Devaugh*, 480 F.3d 438, 444 (6th Cir. 2007) (internal quotation omitted).  "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."  *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).  *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Twombly v. Bell*,

550 U.S. 544, 555 (2007) (explaining that a complaint must contain something more than a statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

### III. Discussion

#### A. Plaintiff's breach of fiduciary duty claim against Chase

Chase contends that lenders are not fiduciaries of borrowers under Michigan law. "Fiduciary relationships arise when circumstances and the relationship of the parties show the parties understood and agree that confidence is reposed by one party and trust accepted by the other." *Sallee v. Fort Knox National Bank, N.A.*, 286 F.3d 878, 893 (6th Cir. 2002). The party claiming that a fiduciary relationship exists must show that reliance was not merely subjective. *Id.* at 892. Additionally, the party claiming a fiduciary relationship must show that "the nature of the relationship imposed a duty upon the fiduciary to act in the principal's interest, even if such action were to the detriment of the fiduciary." *Id.* Generally, no fiduciary duties arise within the lender-borrower context. *Farm Credit Servs. of Mich.'s Heartland, P.C.A. v. Weldon*, 591 N.W.2d 438, 447 (Mich. Ct. App. 1999). A borrower's naivety, inexperience, or reliance on a lender, without more, does not create a fiduciary relationship. *Ulrich v. Federal Land Bank of St. Paul*, 192 Mich. App. 194, 196 (1992); *see also In re Auto Specialties Mfg. Co.*, 153 B.R. 457, 479 (Bankr. W.D. Mich. 1993) ("The fact that the lender is the principal, dominant lender, or that it offered advice or closely monitored the activities of the borrower is not sufficient to establish a fiduciary relationship.").

Plaintiff argues that she has pleaded sufficient facts to establish a fiduciary duty to "properly process her applications for foreclosure alternatives available under the RHS guaranteed loan program and that Chase breached its duty." ECF No. 48 at 13.  Plaintiff's contention is based on Chase's requests for and acceptance of financial documents for more than a year, its superior knowledge and understanding of the foreclosure alternatives available for RHS guaranteed loans, and its communications to her regarding her eligibility. Chase's efforts to be responsive, Plaintiff argues, reflect an understanding by Chase that they were accepting a special trust or confidence. Plaintiff contends that the RHS loss mitigation options provide guidelines by which to scrutinize Chase's actions even though they do not offer a legal predicate for Plaintiff's claims based on breach of fiduciary duty. As such, Plaintiff asserts that the authority Chase offers in support of its argument that there is no private right of action pursuant to the Guarantee Act are distinguishable because Plaintiff is asserting a common law claim. *See Simpson v. Cleland*, 640 F.2d 1354 (D.C. Cir. 1981) (dismissing plaintiff's claims alleging specific violations of the Veteran's Administration Act); *Brown v. Lynn*,  385 F. Supp. 986 (N.D. Ill. 1974) (dismissing plaintiff's claims alleging specific violations of the Housing Act and HUD regulations).

Plaintiff analogizes Chase's argument with those made by lenders in the Home Affordable Modification Program (the "HAMP") cases. In the HAMP cases, courts have held that there is no private right of action under the HAMP. *See e.g.*, *Hart v. Countrywide Home Loans, Inc.*, 735 F. Supp. 2d 741 (E.D. Mich. 2010). In defending cases in which borrowers raise common law claims such as breach of contract, the lenders have argued that there is no private right of action because the borrowers' claims stemmed from the lenders' failure to comply with HAMP requirements. *See*, *Bosque v. Wells Fargo Bank*, 762 F. Supp. 2d 342, 350 (D. Mass. 2011); *In re Doble*, 2011 WL

1465559, *12 (Bankr. S.D. Cal. April 14, 2011); *Darcy v. CitiFinancial*, No. 1:10-cv-848 ECF No. 57, at 7 (W.D. Mich. August 25, 2011) (ECF No. 48 Ex. A). However, in those cases, the borrowers were not raising HAMP claims but rather breach of contract claims and the courts have rejected the lender's argument under those circumstances, recognizing that a private right of action under the statute was not the issue. *See Bosque*, *supra*; *In re Doble*, *supra*; *Darcy*, *supra*.

Moreover, Plaintiff contends that in recent cases involving homeowners seeking foreclosure alternatives from their loan servicer, courts have denied the servicer's motion to dismiss a claim for breach of fiduciary duty. See *Ponder v. Bank of America*, No. 1:10-CV-00081 ECF No. 25 at 7-9 (S. D. Ohio March 8, 2011) (finding plausible facts to support the existence of a fiduciary relationship because of the special trust homeowners placed in the servicer at a borrower outreach event and because of the servicer's "special expertise" and "sophisticated understanding of loan servicing and loss mitigation options" under various federal loan modification programs and declining to bar the claim based on the economic-loss doctrine); *Slowey v. Flagstar Mortgage*, No. 10-11981-RGS, 2011 WL 1118470, *3 (D. Mass. March 24, 2011) (denying the lender's motion to dismiss because "a fiduciary relationship can arise 'if a lender both knows that a borrower is placing her trust in [the lender's representations] and accepts that trust' " where the lender advised the borrower to stop making his mortgage payments and concluding that the lender misused the plaintiff's trust for financial gain).

Plaintiff argues that Chase's conduct in this case is similar to the conduct of the lenders in *Ponder* and *Slowey* where the courts found sufficient facts had been pleaded to support a claim for breach of fiduciary duty. Plaintiff contends that Chase facilitated Ms. Sheldon's entrustment when it repeatedly asked her to submit documents for the purpose of considering foreclosure alternatives.

She expected Chase to properly review those applications, submit the applications to RHS when appropriate, and provide her the loan workout she was entitled to receive. Plaintiff also contends that Chase had specific expertise in the applicable foreclosure alternatives. Due to the RHS loan guarantee, Plaintiff's loan is governed by an extensive and complicated set of regulations and administrative notices. *See* 7 CFR §§ 1980.370, 1980.371; *see also* ECF No. 35-3 Rural Development Administrative Notice 4433. As a servicer of a RHS guaranteed loan, Plaintiff submits that Chase must understand the applicable federal programs and the available foreclosure alternatives, which include loan modification (including modification under RHS's version of the HAMP program), special forbearance, deferral, and other forms of assistance available under the RHS guarantee program. Finally, Plaintiff contends that Chase did not properly consider loan modification options promulgated by RHS despite Plaintiff's frequent submission of financial documents. Besides a forbearance agreement, Chase does not describe any additional loss mitigation efforts and Plaintiff requests the opportunity to conduct discovery on the issue.

    Chase, however, argues that Plaintiff has not offered any evidence that anything other than an ordinary lender-borrower relationship exists between Plaintiff and Chase. The mere fact that Plaintiff submitted financial documents to Chase as part of the parties' mitigation efforts does not convert their relationship into one of extreme trust, akin to those recognized fiduciary relationships of guardians and wards, attorneys and clients, and doctors and patients. Plaintiff was simply a borrower, working with a lender in an arms-length transaction. Under these circumstances, Chase contends no fiduciary duty existed.

    Plaintiff's complaint does not plead adequate facts to demonstrate the extraordinary situation that would create a fiduciary duty to Plaintiff under Michigan law. As Chase notes in its reply, the

-8-

cases cited by Plaintiff are distinguishable. First, neither case addresses Michigan law. *Farm Credit Servs. of Mich.'s Heartland, P.C.A. v. Weldon*, 591 N.W.2d 438, 447 (Mich. Ct. App. 1999). Second, in both cases, the defendant lenders made affirmative representations to the plaintiff borrowers that they qualified for loan modifications, thus stepping beyond the traditional role of a mortgage servicer, but none of the borrowers ever received the promised modifications and the banks began to foreclose on their homes. *See Ponder*, No. 1:10-cv-00081 ECF No. 25 at 2-3; *Slowey*, 2011 WL 1118470, at *1. Here, in contrast, Plaintiff concedes that Chase never told her that she qualified for a loan modification; rather, Chase consistently informed Plaintiff that she did not qualify for a modification.

Additionally, Plaintiff sought Chase's assistance. Chase did not approach Plaintiff or hold itself out to Plaintiff in a borrower outreach event, like the defendant in *Ponder*. In short, no special relationship was created between Plaintiff and the Chase Defendants—they remained in a typical lender-borrower relationship, which does not create a fiduciary duty. *See Kevelighan v. Trott & Trott, P.C.*, 771 F. Supp. 2d 763, 779 (E.D. Mich. 2010) (applying Michigan law and holding that a fiduciary duty does not arise in a relationship based on a mortgage). Nor does Chase's alleged "expertise in the applicable foreclosure alternatives" create a fiduciary relationship. *Ulrich*, 192 Mich. App. at 196 (holding that a borrower's naivety, inexperience, or reliance on a lender, without more, does not create a fiduciary relationship).

Finally, to the extent that Plaintiff bases her breach of fiduciary duty claim on her belief that Chase did not consider her for loss mitigation options, Chase contends that this is untrue. The Court must, however, treat the factual allegations in Plaintiff's complaint as true. *See* ECF No. 1. Par. 47 ("On information and belief, Chase has not considered a restructuring agreement that would give

-9-

Ms. Sheldon a moratorium on her payments, loan reamortization, or refinancing or other assistance. Instead, Chase only offered a three-month forbearance agreement."). Even if Plaintiff is correct that Chase did not consider a restructuring agreement with a moratorium on payments, reamortization, or refinancing, Plaintiff's complaint does not provide adequate facts to demonstrate the extraordinary situation that would create a fiduciary duty to Plaintiff.

### B. Plaintiff's private right of action against Chase under the Housing Loan Guarantee Act

Plaintiff clarifies in her response that she is not alleging a cause of action against Chase under the Guarantee Act, but only alleging a common law breach of fiduciary duty claim against Chase. Plaintiff contends, however, that Chase is a necessary party under Federal Rule of Civil Procedure 19. "A party is necessary if '(1) in the person's absence complete relief cannot be accorded among those already parties.'" *See* Fed. R. Civ. P. 19(a)(1)(A); *Ramco-Gershenson Prop v. Hoover Annex Group*, 228 F.R.D. 610, 614 (E.D. Mich. 2005) (quoting *Keweenaw Bay Indian Cmty v. Michigan*, 11 F.3d 1341, 1345 (6th Cir. 1993)).

Plaintiff contends that Chase is a necessary party because it owns and services Plaintiff's RHS-guaranteed loan. Because Plaintiff is seeking to avoid foreclosure in her claims against the Federal Defendants seeking loan modification or other loss mitigation alternatives, Chase, as the owner of the note and mortgage, is the only party that can allow Plaintiff to stay in her home pending resolution of her claims against the Federal Defendants. Plaintiff requests that even if Chase prevails on its motion to dismiss the breach of fiduciary duty claim against it, it should not be dismissed from the case.

Chase contends that if the Court grants its motion to dismiss on the breach of fiduciary duty claim, it should be dismissed from the case because Rule 19 relates to the compulsory joinder of

-10-

parties—it is an exception to the general rule that a plaintiff may decide which parties to name as defendants—it does not prohibit the dismissal of meritless claims against a defendant. *See* Fed. R. Civ. P. 19. The purpose of Rule 19 is to ensure that a case is not adjudicated in the absence of a party that has a strong interest in the dispute. *See* Wright & Miller, Federal Practice & Procedure §1602. Ultimately, Rule 19 seeks to avoid "needless multiple litigation and . . . inconsistent obligations." *Id.* (quoting *Schutten v. Shell Oil Co.*, 421 F.2d 869, 873 (5th Cir. 1970)).

While Rule 19 protects defendants and promotes judicial economy, it does not allow a plaintiff to compel a defendant to remain in a lawsuit after all substantive claims against it have been dismissed.

### C. Chase's mitigation efforts

Chase also argues that in the event the Court concludes that Plaintiff is able to plead a private right of action under the Guarantee Act, it engaged in the required loss mitigation actions. This argument, however, is inapplicable because Plaintiff concedes that she is not asserting a private right of action under the Guarantee Act.

### D. Plaintiff's request for leave to amend her complaint

In the event the Court is inclined to grant Chase's motion to dismiss Plaintiff's breach of fiduciary duty claim, Plaintiff requests that she be given leave to amend her complaint to include a breach of contract claim pursuant to Federal Rule of Civil Procedure 15(a)(2). In its Mortgage, Chase adopted federal law as the governing law under the contract. ECF No. 45-2 Ex. A ¶ 16. This includes "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders…" *Id.* at ¶ Definitions H. Plaintiff believes that Chase's failure to abide by Section 502(h), RHS regulations and Administrative Notices may constitute a breach of

contract under the Mortgage.

Chase contends that this request is improper and any attempt to amend to add a breach of contract claim would be futile. First, Plaintiff's attempt to amend the Complaint without seeking leave of Court to amend violates the Federal Rules of Civil Procedure and should not be considered by the Court at this juncture. "[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought . . . does not constitute a motion within the contemplation of Rule 15(a)" and the Sixth Circuit disfavors bare requests in lieu of properly filed motions for leave to amend. *D.E. & J. Ltd. P'Ship v. Conaway*, 284 F. Supp. 2d 719, 751 (E.D. Mich. 2003) (citations omitted). Plaintiff is "not entitled to an advisory opinion from the Court informing them of the deficiencies of the Complaint and then an opportunity to cure those deficiencies." *Id.* (citation omitted).

Second, Chase argues that Plaintiff should not be granted leave to amend because it would be futile. *See Kottmyer v. Mass*, 436 F.3d 684, 692 (6th Cir. 2006); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980). Here, Chase contends that a breach of contract claim would be futile, because, as explained in Chase's brief in support of its judgment on the pleadings (ECF No. 45), Plaintiff cannot state a claim based on the Doug Bereuter Section 502 Single Family Housing Loan Guarantee Act (the "Guarantee Act") because (1) Chase fully complied with the Guarantee Act; and (2) there is no private right of action against Chase under the Guarantee Act. Merely because the Mortgage was governed by federal law does not enable Plaintiff to bring a claim under the Guarantee Act. Although there is very little case law specifically addressing the Guarantee

Act, established case law is clear that the Housing Act of 1949 does not provide a private right of action. See *Chenkin v. 808 Columbus LLC*, 368 F. App'x 162 (2d Cir. 2010) (affirming dismissal for failure to state a claim because "the Housing Act of 1949 does not provide a private right of action"); *Cedar-Riverside Assocs., Inc. v. City of Minneapolis*, 606 F.2d 254, 258-59 (8th Cir. 1979) ("The Housing Act does not expressly provide a private remedy for such violations. . . . [nor is there an] implied right of action under the Housing Act."); *Manstream v. U.S. Dep't of Agriculture*, 649 F. Supp. 874 (M.D. Ala. Sept. 4, 1986) (stating that "Title 5 of the Housing Act of 1949 . . . . confers no private right of action on borrowers who obtain financial assistance under the rural home loan program. Instead the [Farmer's Home Administration] program includes an administrative procedure by which borrowers may recover compensation . . . ."). Thus, it is well-established that there is no private right of action under the Housing Act of 1949. Chase asserts that, because the Guarantee Act is part of the Housing Act of 1949, it follows that there is no private right of action under the Guarantee Act. Plaintiff's appropriate route for a remedy under the Guarantee Act is thus against the government agency that implements the act, and not against Chase.

Moreover, a cause of action for breach of contract must be based on the terms of the Mortgage agreement itself, not federal law. For example, a plaintiff who brings a claim based on violation of the Truth in Lending Act must sue under that act, not for breach of contract. The *Darcy* case cited by Plaintiff does not change this analysis. In that case, the plaintiff brought suit for breach of the terms of a trial payment plan. *See Darcy v. CitiFinancial, Inc*., No. 1:10-cv-848, 2011 WL 3758805 (W.D. Mich. Aug. 25, 2011). The plaintiff alleged "that the TPP agreement is a contract and that Defendants breached duties contained in the contract itself." *Id.* at 7. The court allowed the plaintiff's claim to proceed because it alleged a breach of an agreement, and not a general violation

of a federal statute. *Id.*

Here, however, Chase emphasizes that Plaintiff does not identify a duty under the Mortgage contract; she relies on an alleged violation of the Guarantee Act for which there is no private right of action. Moreover, there is no separate provision in the Mortgage agreement that requires Chase to give Plaintiff a loan modification. To the extent Plaintiff's breach of contract claim relies on alleged oral promises, these promises are barred by the statute of frauds. Mich. Comp. Laws § 566.132(2).

Chase is correct that requesting leave to amend through a footnote in a response brief is an inappropriate avenue for the relief Plaintiff seeks. *See* E.D. Mich. Motion Practice No. 6, *available at* http://www.mied.uscourts.gov/Judges/guidelines/topic.cfm?topic_id=360 ("Motions may not be included within or appended to a response or a reply, and under no circumstances may a motion be included within the text or footnotes of another motion."). However, Plaintiff's breach of contract claim, as explained in the footnote, is in essence asserting a private right of action for noncompliance with provisions of the Guarantee Act. The Mortgage does not contain any contractual provisions regarding mitigation options. Plaintiff's request for leave to file an amended complaint will be denied.

**IV**

Accordingly, it is **ORDERED** that Chase's motion for judgment on the pleadings (ECF No. 45) will be **GRANTED**.

It is further **ORDERED** that Plaintiff's breach of fiduciary duty claim is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Defendants JP Morgan Chase Bank and Chase Home Finance are **DISMISSED WITH PREJUDICE**.

                                                            s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge

Dated:  December 20, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 20, 2011.

                                   s/Tracy A. Jacobs
                                   TRACY A. JACOBS